Louis G. Bruhn, J.
This is a motion on behalf of the contractor for an order vacating, discharging and canceling a mechanic’s lien filed in the office of the Comptroller of the State of New York, on the grounds the lienor had failed to commence an action to foreclose the same within the 30-day period provided by section 21-a of the Lien Law.
Such section 21-a provides: “A lien against the amount due or to become due a contractor from the state or a public corporation, for the construction or demolition of a public improvement, may be vacated and canceled by an order of the supreme court. Before such order shall be granted, a notice shall be *406 served upon the lienor personally or, in such manner as the court may direct. Such notice shall require the lienor to commence an action to enforce the lien within a time specified in the notice, not less than thirty days from the time of service, or show cause at a special term of the supreme court in the judicial district embracing the county wherein the notice of lien is filed, at a time and place specified therein, why the notice of lien should not be vacated and canceled of record. Proof of such service and that the lienor has not commenced the action to foreclose such a lien, as directed in the notice, shall be made by affidavit, at the time of applying for such order. ’ ’ (Italics supplied.)
It now appears that although the notice served pursuant to 21-a was dated September 5, 1967 it was not personally served until October 4,1967.
It also appears that such notice fixed November 18, 1967 as the last day to commence the action which day, incidentally, was on Saturday.
Furthermore, it now appears uncontradicted that the action actually was begun on Monday, November 20, 1967 which was the first work day following the date fixed in the notice.
Under those circumstances and in the exercise of discretion, the motion is denied, without costs.